IN THE UNITED STATES DISTRICT COURT
FOR THE CONNECTICUT

IN RE: GRAND JURY SUBPOENA | Case No. 3:18MJ 2023  (SALM)
|
| December 28, 2018
|
| **Filed Under Seal**

### APPLICATION FOR ORDER COMMANDING INTERSERVER NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF GRAND JURY SUBPOENA

The United States requests that the Court order INTERSERVER (hereinafter "the Provider") not to notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of grand jury subpoena **N-18-2-68 (9)** (hereinafter "the Subpoena"), until December 28, 2019.

The Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the Subpoena, which will be made available for the Court's inspection but will not be filed under seal or included in the sealing envelope. The Subpoena requires the Provider to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the Subpoena relates to an ongoing investigation by the Federal Bureau of Investigation's Cyber Task Force into, among other things, a business e-mail compromise scheme in which at least one Connecticut victim

wired over $150,000 to yet unknown perpetrators based on materially false and fraudulent e-mails. The investigation also involves the potential intrusion into one of the victim's employee's e-mail account. The ongoing investigation is neither public nor known to the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation.

Accordingly, there is reason to believe that notification of the existence of the Subpoena will seriously jeopardize the investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence, and change patterns of behavior. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the Subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, then the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For the reasons listed above, the government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms. The government is proceeding here using a subpoena under 18 U.S.C. § 2703(c)(2). Section 2703(c)(3) provides that when the government proceeds under § 2703(c) (*i.e.,* when it is only seeking records of the provider, and not any content of the subscriber or customer), the government is not required to provide notice to the subscriber or customer. Thus, the government has satisfied all the conditions of § 2705(b).

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or content of the Subpoena until December 28, 2019, except that the Provider may disclose the Subpoena to an attorney for the Provider for the purpose of receiving legal advice.

The United States further requests, in accordance with Local Rule 57 of the Local Rules of Criminal Procedure, that the Court order that this application and any resulting order be sealed until December 28, 2019. As explained above, the subpoena relates to an ongoing investigation by the Federal Bureau of Investigation's Cyber Task Force into, among other things, a business e-mail compromise scheme in which at least one Connecticut victim wired over $150,000 to yet unknown perpetrators based on materially false and fraudulent e-mails. The investigation also involves the potential intrusion into one of the victim's employee's e-mail account. Accordingly, sealing is warranted because the presumption of access to these investigative documents is outweighed by these countervailing factors in favor of sealing. Moreover, even if a higher standard for sealing applied, sealing these documents is essential to preserve the compelling interests set forth above and narrowly tailored to serve those interests.

JOHN H. DURHAM
UNITED STATES ATTORNEY


DAVID T. HUANG
ASSISTANT U.S. ATTORNEY
Federal Bar No.ct30434
157 Church Street, 25th Floor
New Haven, CT 06510